

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| Matthew J. Belgiovine<br>Assistant United States Attorney | 402 E. State Street<br>Trenton, New Jersey 08608 | 973.856.9179<br>Matthew.Belgiovine@usdoj.gov |

MJB/PLAGR
2024R00020

July 10, 2025

**RECEIVED**

OCT 06 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**Via email**

Henry Klingeman, Esq.
100 Southgate Pkwy, Suite 150
Morristown, NJ 07960

Re: *Unites States v. Drew Holzlein*

Dear Mr. Klingeman:

25-CR-588 (ZNQ)

This letter sets forth the plea agreement between your client, Drew Holzlein, and the United States Attorney for the District of New Jersey ("this Office"). This offer supersedes all prior offers. This offer will expire on July 23, 2025, if it is not accepted in writing by that date. If Holzlein does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### The Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Holzlein to a One-Count Information, which charges Holzlein with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). If Holzlein enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Holzlein for his trafficking of child pornography from 2019 through on or about January 17, 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Holzlein even if the applicable statute of limitations period for those charges expires after Holzlein signs this agreement, and Holzlein agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 2252A(a)(2) to which Holzlein agrees to plead guilty in the Information carries a statutory minimum prison sentence of 15 years, a statutory maximum prison sentence of 40 years and a statutory

maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the Information may run consecutively to any other prison sentence Holzlein is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Holzlein is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Holzlein ultimately will receive.

Further, in addition to imposing any other penalty on Holzlein, the sentencing judge as part of the sentence:

(1) will order Holzlein to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order, unless the court finds Holzlein to be indigent, an assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014;

(3) shall assess, under 18 U.S.C. § 2259A(a)(2), not more than $35,000 on Holzlein;

(4) must order Holzlein to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.* and 18 U.S.C. §§ 2248 and 2259;

(5) must order forfeiture, pursuant to 18 U.S.C. § 2253;

(6) pursuant to 18 U.S.C. § 3583(k), must require Holzlein to serve a term of supervised release of at least five years, up to a maximum term of life, which will begin at the expiration of any term of imprisonment imposed. Should Holzlein be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Holzlein may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should Holzlein while on supervised release be found, in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have

committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, Holzlein must be sentenced to at least five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### *Restitution*

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, Holzlein agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

### *Forfeiture*

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 2253, Holzlein agrees to forfeit to the United States all of his right, title, and interest in (1) all computer and computer accessories on which law enforcement, on or about January 17, 2024, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 225 IA, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Indictment; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment and all property traceable to such property, which includes the items listed on Schedule B hereto (the "Specific Property").

Holzlein further waives and abandons all of his right, title, and interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; waives, releases, and withdraws any claim that Holzlein may have made with respect to the Specific Property; waives

and releases any future claim that Holzlein might otherwise have made to the Specific Property; and consents to the destruction of the Specific Property.

Holzlein further agrees to consent to the entry of orders of forfeiture for the Specific Property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Holzlein further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Holzlein understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Holzlein waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Holzlein's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture

### *Registration Consequences*

Holzlein understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Holzlein wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Holzlein understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Holzlein waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### *Adam Walsh Child Protection and Safety Act*

Holzlein has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Holzlein resides; where he is an employee; and where he is a student. Holzlein understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Holzlein further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.

4

Holzlein has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### *Rights of This Office Regarding Sentencing*

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Holzlein by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Holzlein's activities and relevant conduct with respect to this case.

### *Stipulations*

This Office and Holzlein will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

5

### *Waiver of Appeal and Post-Sentencing Rights*

As set forth in Schedule A and the paragraph below, this Office and Holzlein waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### *Immigration Consequences*

Holzlein understands that, if Holzlein is not a citizen of the United States, Holzlein's guilty plea to the charged offense will likely result in Holzlein being subject to immigration proceedings and removed from the United States by making Holzlein deportable, excludable, or inadmissible, or ending Holzlein's naturalization. Holzlein understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Holzlein wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Holzlein's removal from the United States. Holzlein understands that Holzlein is bound by this guilty plea regardless of any immigration consequences. Accordingly, Holzlein waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Holzlein also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### *Other Provisions*

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Holzlein. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Holzlein from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

### *No Other Promises*

This agreement constitutes the entire plea agreement between Holzlein and this Office and supersedes any previous agreements between them. No

6

additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely yours,

ALINA HABBA
United States Attorney


/s/ Matthew J. Belgiovine
By: MATTHEW J. BELGIOVINE
Assistant United States Attorney

APPROVED:

*Martha K. Nye*

MARTHA K. NYE
Attorney-in-Charge
Trenton Branch Office

     I have received this letter from my attorney, Henry Klingeman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date:
Drew Holzlein


     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date:
Henry Klingeman, Esq.
Counsel for Drew Holzlein

8

## Plea Agreement with Drew Holzlein
## Schedule A

1.  This Office and Drew Holzlein ("Holzlein") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  This Office and Holzlein agree that his prior conviction for two counts of Endangering the Welfare of a Child, N.J. Stat. 2C:24-4, in New Jersey Superior Court, Ocean County, Indictment No. 07-06-01060-I, qualifies as a prior conviction under "the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children[.]" 18 U.S.C. § 2252A(b)(1).

3.  The version of the Guidelines effective November 1, 2024 applies in this case.

4.  The applicable guideline is U.S.S.G. § 2G2.2. This guideline carries a Base Offense Level of 22. U.S.S.G. § 2G2.2(a)(2).

5.  A two-level enhancement applies because the offense involved material depicting a prepubescent minor or a minor who had not yet attained 12 years of age. U.S.S.G. § 2G2.2(b)(2).

6.  A two-level enhancement applies because the offense involved the knowing distribution of child pornography. U.S.S.G. § 2G2.2(b)(3)(F).

7.  The Government contends that a four-level enhancement applies because Holzlein's offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence or (B) the sexual abuse or exploitation of an infant or toddler. U.S.S.G. § 2G2.2(b)(4). Holzlein contends that he does not qualify for such an enhancement.

8.  A five-level enhancement applies because Holzlein engaged in a pattern of activity involving the sexual abuse or exploitation of minors. U.S.S.G. § 2G2.2(b)(5).

9.  A two-level enhancement applies because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. U.S.S.G. § 2G2.2(b)(6).

10. A five-level enhancement applies because the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D).

9

11. As of the date of this letter, Holzlein has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Holzlein's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Holzlein has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Holzlein's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Holzlein enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Holzlein's acceptance of responsibility has continued through the date of sentencing and Holzlein therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Holzlein's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in Paragraph No. 7, the total Guidelines offense level applicable to Holzlein is either 35 or 39 (the "Total Offense Level").

14. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

[handwritten margin note: "Initial/ civ-ont"]

15. If the term of imprisonment does not exceed 327 months, and except as specified in the next paragraph below, Holzlein will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 262 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Plea Agreement with Drew Holzlein
## Schedule B

Drew Holzlein agrees to forfeit all items seized by the Federal Bureau of Investigation from his residence on January 17, 2024, including, but not limited to:

1. Bee-link SER mini-computer
2. Four USB thumb drives, various colors
3. Samsung Galaxy cellphone, blue, IMEI 35175110511899
4. Sandisk 64GB thumb drive, black
5. Fantom external hard drive, s/n SA1445464
6. WD My Passport hard drive, s/n WX71A73K7322
7. WD My Passport Ultra hard drive, s/n WX21D76F77NR
8. WD My Passport hard drive, s/n WX11EA96VXNL
9. WD hard drive, s/n WCAPWZ2764576
10. WD My Book hard drive, s/n 7HKHGG5N
11. ADATA 32GB micro-SD card and Kingston micro-SD card reader
12. Dell Optiplex 9020 computer, model D13M
13. Sandisk USB 3.0 128GB thumb drive
14. Amazon tablet, model SX034QT
15. Orico WD Scorpio Blue hard drive, s/n WXP1A80H9559
16. Smart Disk Firelite hard drive, model USBFLB80-C
17. ASUS laptop, s/n AAOAAS233072
18. One Seagate and One Hitachi hard drive
19. One WD and One Maxtor hard drive
20. Blue Samsung Galaxy cellphone with black case
21. Verizon LG flip-phone, black, s/n 808CYPY1406304

22. Two WD hard drives
23. WD My Passport hard drive, s/n WX31A8061891T
24. Black USB thumb drive wrapped in electrical tape
25. Black LG computer tower
26. WD hard drive, s/n WMAZA0171213
27. Watch with hidden camera, RDM
28. Fantom Greendrive hard drive, s/n SJ2622938
29. WD hard drive, s/n WMAP96220537
30. Maxtor hard drive
31. WD My Passport hard drive, black
32. Maxtor hard drive, gray, s/n 2CAM7618
33. Asus tablet in black case
34. One gray 256GB thumb drive