

5 Sylvan Way, Suite 110
Parsippany, NJ 07054

www.klingemanlaw.com

<br>

June 17, 2026

Honorable Zahid N. Quraishi
United States District Judge
United States District Court
for the District of New Jersey
Clarkson S. Fisher United States Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    <u>United States v. Drew Holzlein</u>
              Crim. No. 25-588 (ZNQ)

Dear Judge Quraishi:

      I write to object to the procedural reasonableness of the Court's sentence and to ensure any objection is preserved for appeal. In imposing sentence today, the Court *sua sponte* applied an upward variance of 23 months, from 327 months to 350 months. The Government did not request an upward variance and Defendant Drew Holzlein did not have advance notice that a variance would be applied. We respectfully request that the sentencing record (including the hearing just conducted and/or the Judgment of Conviction) reflect that Defendant Holzlein objects to the upward variance, as procedurally unreasonable. As our analysis of the 18 U.S.C. § 3553(a) factors demonstrates, the upward variance is not sufficiently justified by the Court's findings. Moreover, the Court has not adequately explained how the non-Guidelines sentence is consistent with the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). The district court has an obligation to specifically explain how a variant sentence will not contribute to unwarranted sentencing disparities. *See United States v. Newkirk*, 174 F.4th 336, 342-43 (3d Cir. 2026). In fact, the risk of sentencing disparities was worse in this case as the average length of imprisonment for offenders with an offense level 39 and criminal history category I was 202 months, with 28% of offenders receiving sentences within the Guidelines, and 66% receiving sentences **below** the Guidelines. *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.  Defendant Holzlein continues to assert that a sentence at the mandatory minimum is the appropriate sentence.

      Consequently, we respectfully request that the Court rule on our objection before entering the Judgment of Conviction.

      Thank you for Your Honor's thoughtful attention.

Respectfully submitted,

Henry E. Klingeman, Esq.

Cc:    AUSA Matthew Belgiovine, Trial Attorney William Clayman, and U.S. Probation
Officer Maribel Perez

Defendant's objection is overruled.   First, as a procedural matter, the Court finds
that this objection has been waived because Defendant did not raise it during the
sentencing hearing, despite having been afforded multiple opportunities to speak
and to raise objections during the hearing that extended more than 90 minutes.
Second, on the merits, the Court finds that the record as it stands supports the
sentence entered by the Court.

So Ordered this 18th day of June 2026.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE