

 5 Sylvan Way, Suite 110
Parsippany, NJ 07054

www.klingemanlaw.com

June 18, 2026

**VIA ECF**

Honorable Zahid N. Quraishi
United States District Judge
United States District Court
for the District of New Jersey
Clarkson S. Fisher United States Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    <u>United States v. Drew Holzlein</u>
              Crim. No. 25-588 (ZNQ)

Dear Judge Quraishi:

I respectfully ask the Court to consider a modest but significant (to defense counsel) change to its June 18 letter order (ECF No. 45). Specifically, I ask the Court to enter the Order as below, removing the following sentence:

> First, as a procedural matter, the Court finds that this objection has been waived because Defendant did not raise it during the sentencing hearing, despite having been afforded multiple opportunities to speak and to raise objections during the hearing that extended more than 90 minutes.

<u>First</u>, Defendant Drew Holzlein did not waive his objection to the upward variance. The Court announced the upward variance at the end of the sentencing hearing when the Court formally pronounced the sentence. There was no indication from the Court either before or during the sentencing that the Court was considering an upward variance. For its part, the Government requested before and during the hearing a sentence <u>below</u> the top of the advisory guidelines range. Consequently, defense counsel was taken by surprise when the Court varied upward and therefore it only occurred to defense counsel shortly after to assert the objection, which defense counsel did in writing immediately after the sentencing hearing (ECF No. 42). Moreover, defense counsel asserted the objection before the Judgement of Conviction was entered (ECF No. 43), having asked the Court for a brief delay in the entering of the JOC to permit defense counsel to submit the objection.

This has been a very difficult case that led to a very difficult sentencing involving multiple issues, arguments, and considerations; defense counsel should not be faulted for not

1

objecting precisely simultaneous with the Court's ruling, when defense counsel objected within a few hours after the sentence was pronounced and before the Judgement of Conviction was entered. Given the extensive record made by the Court and the parties, there is no prejudice to anyone if the issue is deemed preserved.

Second, the Court's statement that the objection was waived is contradicted by Defendant's sentencing position asserted in writing before and orally during the sentencing hearing. Defendant Holzlein objected to the advisory guidelines range and, in any event, requested a downward variance to the mandatory minimum of 180 months' imprisonment, so in no way could he be understood to consent to an upward variance to 350 months.

Third, the Court's statement that the objection was waived is an unnecessary and unduly harsh conclusion that severely prejudices Defendant Holzlein and his counsel. Based on the Court's statement (if left unchanged), the Government likely will take the position on appeal that the objection to an upward variance is waived; the Court of Appeals thus may take the position that plain error analysis applies. If the Court of Appeals so finds, then the failure to object in the moment after this Court indicated for the first the time at the conclusion of the sentencing hearing that it was imposing an upward variance could provide the basis for a claim of ineffective assistance of counsel, which would be decidedly unjustified by the record and efforts of defense counsel.

In sum, the Court explained its grounds for its upward variance; Defendant Holzlein objected; the Court overruled the objection; there is no need for further proceedings by this Court; and the objection is preserved for appeal.

Thank you for the Court's thoughtful attention.

Respectfully submitted,

Henry E. Klingeman, Esq.

c:    AUSA Matthew Belgiovine
      Trial Attorney William Clayman
      U.S. Probation Officer Maribel Perez

Defendant's objection to the upward variance is overruled. On the merits, the Court finds that the record as it stands supports the sentence entered by the Court.

So Ordered this 18th day of June 2026.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

2