

**U.S. Department of Justice**
*United States Attorney's Office*
*District of New Jersey*

---

*Matthew J. Belgiovine*
*Assistant United States Attorney*

*402 E. State Street, Room 430*
*Trenton, New Jersey 08608*

*973.856.9179*
*Matthew.Belgiovine@usdoj.gov*

June 22, 2026

**<u>VIA ECF</u>**
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fischer Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

> Re:   United States v. Drew Holzlein
>         <u>Crim. No. 25-588 (ZNQ)</u>

Dear Judge Quraishi:

The Government submits this letter in response to Defendant Drew Holzlein's letters dated June 17 and 18, 2026, D.E. 42, 46, and pursuant to the Court's Order dated June 18, 2026, D.E. 47. Holzlein raises two objections subsequent to the Court's pronouncement of his sentence on June 17, 2026: (i) that the Court's *sua sponte* upward variance from the advisory Guidelines range, without prior notice, constituted procedural error; and (ii) that the Court did not sufficiently explain how the sentence imposed satisfies the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, pursuant to 18 U.S.C. § 3553(a)(6). D.E. 42. For the reasons set forth below, the Government respectfully submits that no further action is required of the Court.

Holzlein's post-sentencing submissions do not preserve his procedural objections for appellate review. Under *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (en banc), Holzlein was required to raise those claims "at the time the procedural error is made, *i.e.*, when sentence is imposed without the court having given meaningful review to the objection." *Id.* at 256. That is, he had to raise the claim of "procedural error after the sentence [wa]s pronounced" while the court still has an opportunity to correct the allege error, which is *before* the sentencing hearing concludes, not after. *Id.* at 257; *cf.* Fed. R. Crim. P. 35(c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence.").

In any event, Holzlein's objection to the Court's failure to provide advance notice of its intent to vary upward is without merit. *See Irizarry v. United States*,

553 U.S. 708 (2008). And nothing in the sentencing record or the Court's subsequent disposition of Holzlein's written objections precludes him from challenging the substantive reasonableness of his sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169 (2020).

Holzlein's challenge to the Court's consideration of the need to avoid unwarranted sentencing disparities is similarly meritless. Nonetheless, the Government defers to the Court as to whether it wishes to address the belated objection regarding its consideration of sentencing disparities. Should the Court so choose, the only procedural mechanism to do so would be pursuant to Rule of Criminal Procedure 35(a), which allows a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of the oral pronouncement of the sentence. The Government submits, however, that no such clear error occurred here and that the Court adequately considered the need to avoid unwarranted sentencing disparities under § 3553(a)(6).

Respectfully submitted,

ROBERT FRAZER
United States Attorney

Matthew J. Belgiovine
Assistant United States Attorney

William G. Clayman
Trial Attorney

cc:    Henry E. Klingeman, Esq. (via ECF)

2